## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Robert W.**
**Respondent Below, Petitioner**

**vs) No. 15-1010** (Braxton County 11-D-53)

**Paulette W.**
**Petitioner Below, Respondent**

**FILED**

**May 20, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father Robert W.,[1] by counsel James Wilson Douglas, appeals the September 22, 2015, order of the Circuit Court of Braxton County granting respondent's appeal of a May 11, 2015, order of the Family Court of Braxton County. Respondent Mother Paulette W., by counsel Robert M. Williams, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were married on June 23, 2004. Two children, E.W. and M.W., were born during the parties' marriage. In November of 2010, the parties separated. Thereafter, on March 18, 2013, the parties were divorced. In the final divorce order, respondent mother was designated as the residential parent of the parties' children and they reside with her in West Virginia.[2] In 2012, respondent mother began a relationship with R.C., a native of Louisiana, who was working

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner father is a resident of the State of North Carolina. A parenting plan was established between the parties wherein petitioner father would have custody of the children for three weeks in the summer, followed by a two week period, and then another three week period, as well as reasonable visitation with the children when petitioner father was in West Virginia.

1

temporarily in West Virginia. Respondent mother and R.C. have two children together and those children have, since their birth, resided with E.W., M.W., and respondent mother.[3]

On May 8, 2014, respondent mother filed a notice of relocation seeking to relocate the parties' children from Braxton County to Louisiana. Petitioner father filed an objection to the notice of relocation and, on April 1, 2015, a hearing was held before the Family Court of Braxton County.[4] During the hearing, respondent mother testified that she wished to move to Louisiana to be with the father of her younger children.[5] Respondent mother further testified that R.C. financially supports her and her children and that if she relocated to Louisiana, R.C. would be able to work on-shore full-time and earn $40.00 per hour. R.C. did not testify at the hearing. The only testimony presented to the family court regarding R.C.'s job opportunity in Louisiana was offered by respondent mother.

By order entered May 11, 2015, the family court denied respondent mother's request to relocate to Louisiana. The family court's order noted that R.C. did not testify at the hearing regarding his employment opportunity in Louisiana.[6] Respondent mother appealed the family court's order to the circuit court. By order entered September 22, 2015, the circuit court reversed the family court's order and approved respondent mother's relocation to Louisiana with the parties' children.[7] The circuit court found that respondent mother was a competent witness regarding the issue of R.C.'s employment opportunity and that respondent mother had, by her testimony at the hearing, presented sufficient evidence to support the relocation. In reversing the family court's ruling, the circuit court held that respondent mother's requested relocation was for

---

[3]R.C. works for a Louisiana-based company and frequently works in West Virginia. When he is not working, R.C. resides with petitioner and her children in Braxton County.

[4]Along with his objection to respondent mother's notice of relocation, petitioner father filed a counter-petition for contempt against respondent mother seeking enforcement of the visitation schedule in the parties' parenting plan. The family court found respondent mother in contempt as to petitioner father's missed summer visitation with the parties' children. Neither party appealed the family court's ruling on petitioner's contempt motion.

[5]Respondent is not employed and is the primary caregiver for all four of her children.

[6]The crux of the family court's reasoning in denying respondent mother's notice of relocation was that respondent mother did not satisfy the statutory prerequisites of West Virginia Code § 48-9-403(d)(1) through her proffer of hearsay testimony and the absence of corroborating documentary evidence related to R.C.'s new job opportunity.

[7]The circuit court did not hold a hearing on respondent mother's appeal of the family court's decision.

a legitimate purpose and reasonable in light of that purpose.[8] It is from the circuit court's September 22, 2015, order that petitioner father now appeals.

Our review of the circuit court's order is governed by the following standard:

> "[i]n reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law de novo."

Syl. Pt. 1, *Mayle v. Mayle*, 229 W.Va. 179, 727 S.E.2d 855 (2012) (citation omitted).

Modifications of parenting plans to address the relocation of a parent are governed by West Virginia Code § 48-9-403(d)(1), which provides that

> [a] parent who has been exercising a significant majority of the custodial responsibility for the child should be allowed to relocate with the child so long as that parent shows that the relocation is in good faith for a legitimate purpose and to a location that is reasonable in light of the purpose. The percentage of custodial responsibility that constitutes a significant majority of custodial responsibility is seventy percent or more. A relocation is for a legitimate purpose if it is to be close to significant family or other support networks, for significant health reasons, to protect the safety of the child or another member of the child's household from significant risk of harm, to pursue a significant employment or educational opportunity or to be with one's spouse who is established, or who is pursuing a significant employment or educational opportunity, in another location. The relocating parent has the burden of proving of the legitimacy of any other purpose. A move with a legitimate purpose is reasonable unless its purpose is shown to be substantially achievable without moving or by moving to a location that is substantially less disruptive of the other parent's relationship to the child.

In his appeal, petitioner father raises one assignment of error – that the circuit court erred in finding that respondent mother proffered sufficient direct evidence to meet the requirements of West Virginia Code § 48-9-403(d)(1). Conversely, respondent mother argues that she proffered sufficient evidence to permit her relocation with the parties' children. Based upon our review of the record before us, we agree with respondent mother.

---

[8]The circuit court ruled that R.C.'s job opportunity provided a good salary and would allow him to spend more time with respondent mother and their two children and would keep the parties' children with their half-siblings. Further, the circuit court noted that the visitation schedule proposed by respondent mother would provide petitioner father with a similar amount of time with E.W. and M.W. during the summer.

It is undisputed that respondent, a stay-at-home mother, is the primary residential caregiver of the parties' children and she has exercised a significant majority of custodial responsibility. West Virginia Code § 48-9-403(d)(1) provides that in such situations, a parent can relocate for a legitimate purpose to be with "significant family or other support network." At the hearing on her notice of relocation, respondent mother testified that the requested relocation would permit R.C. (the father of respondent mother's two younger children) to transfer to a job that would allow him to spend more time with respondent mother and her children and provide the family with a generous income. We concur with the circuit court's findings and agree that respondent mother proffered sufficient evidence to establish a legitimate purpose for relocation, that the relocation was reasonable in light of that purpose, and that the relocation is in the best interest of the parties' children as it would allow them to remain with their half-siblings.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:  May 20, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

4